## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LISA FERGUSON,                )
                          )
           **Plaintiff,**       )
                          )
**vs.**                     )     **CASE NO.** CIV-13-683-C
                          )
**APEX SYSTEMS, INC., and**   )
**DELL MARKETING USA LP,**   )
                          )
          **Defendants.**    )

## COMPLAINT

## I.  PRELIMINARY STATEMENT

1.    This is a civil action asserting claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") against Apex Systems, Inc., and Dell Marketing USA LP as former joint employers of Plaintiff. Plaintiff also asserts a state law claim against one of the named Defendants, Dell Marketing USA LP, for interference with employment in the event said Defendant is found not to have been a joint employer of Plaintiff.

## II.  PARTIES

2.    Plaintiff, Lisa Ferguson, is an individual citizen and resident of the United States, and resides in Yukon, Oklahoma, within the Western District. Plaintiff was employed and discharged from employment by Defendants in Oklahoma City within the Western District of Oklahoma.

3.      Defendant, Apex Systems, Inc., ("Apex"), is a foreign for-profit corporation incorporated in Virginia with its headquarters and principal place of business in a state other than Oklahoma. Defendant has branch offices throughout the United States, including business facilities located in Oklahoma City, within the Western District of Oklahoma.

4.      Defendant, Dell Marketing USA LP ("Dell"), is a business entity which is a wholly-owned subsidiary of Dell, Inc. Both Dell Marketing USA LP and Dell, Inc., are organized, formed, and/or incorporated under the laws of a state other than Oklahoma. Further, Dell has its headquarters and principal place of business in a state other than Oklahoma.

### III.  JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). This Court also has diversity jurisdiction over both Defendants for any state law claims pursuant to 28 U.S.C. § 1332. Finally, this Court has jurisdiction over the state law claim against Dell pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c).

### IV.  CONDITIONS PRECEDENT

7.      On or about December 3, 2012, Plaintiff timely filed a charge of employment discrimination (Charge No. 846-2012-76804) with the Equal Employment Opportunity Commission ("EEOC") alleging, inter alia, that she was discriminated against

2

because of her sex, and retaliated against because she complained of sex discrimination. Plaintiff has exhausted her administrative remedies as to her sex discrimination and retaliation claims.

8.      The EEOC issued Plaintiff a notice of right to sue dated April 3, 2013, and she is filing this lawsuit within ninety (90) days of her receipt of said notice.

## V.  FACTUAL ALLEGATIONS

9.      Apex has over 7,000 contract employees placed with more than 1,500 clients throughout the United States, including Oklahoma. Apex is the sixth largest Information Technology ("IT") staffing firm in the United States, and provides employees to its clients on a temporary, contract to hire, or direct hire basis.

10.      Apex is an employer engaged in interstate commerce or activities affecting interstate commerce, and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Apex is a covered employer under Title VII, and therefore is subject to the requirements of Title VII.

11.      Dell has over 500 employees at various locations within the United States. Dell provides services and products to its customers located throughout the United States. Dell markets, sells, and distributes and ships products and services throughout the United States, and from one state to one or more other states.

12.      Dell is an employer engaged in interstate commerce or activities affecting interstate commerce, and has had fifteen (15) or more employees for each working day

in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Dell is a covered employer under Title VII, and therefore is subject to the requirements of Title VII.

13.     Apex and Dell acted as joint employers of Plaintiff while she worked at Dell's facility in Oklahoma City. Dell imposed detailed requirements relating to the hiring process of Plaintiff. Dell further conducted its own background check and drug screening on Plaintiff. In addition, Dell provided a four-week training class and subsequent on-the-job training for Plaintiff to enable her to perform a job for Dell's client, Boeing. When Plaintiff complained of sexual harassment and a sexually hostile work environment created, allowed, and condoned by the trainer employed by Dell, a Dell Senior Manager named Don Bailey decided that Plaintiff would be terminated.

14.     Plaintiff is a female whose year of birth is 1963, and who was 49 years of age at the time of her discharge by Defendants.

15.     Plaintiff was offered employment by Defendants on or about July 24, 2012. Plaintiff was hired to work on Help Desk Support for Dell in servicing Boeing Corporation. Plaintiff was qualified to train for her position based upon her education and prior work experience.

16.     On or about August 13, 2012, Plaintiff began a training course developed, provided, and taught by Dell at the Dell facility in Oklahoma City.

17.     During Plaintiff's training class, she was subjected to a sexually hostile work environment and sexual harassment by the Dell Trainer, Josh Godsby, and by other

4

members of the class. The hostile work environment and harassment was unwelcome and consisted of frequent sexual remarks, jokes, innuendoes, inappropriate YouTube videos, and other vulgar, offensive, and inappropriate remarks and behavior.

18.     Plaintiff did not initially complain because at the beginning of the training class, Godsby had handed out a form entitled "Hurt Feelings Report". The report form gave as one of the reasons the report was filed, "I have woman-like hormones". Further, the form was derogatory and intended to humiliate and shame anyone who might want to make a complaint. Blank spaces to be completed included: "Whiner's Name", "date feelings were hurt", and "name of real man/woman who hurt your sensitive feelings". The form also requested the complaining party's name, social security number, position, and department. At other times, Godsby indicated that what occurred in the classroom was intended to stay in the classroom, and that people who had complained in the past had just disappeared. Plaintiff reasonably viewed this statement to mean she would be terminated if she complained.

19.     On or about September 5, 2012, Plaintiff complained to Jackie Plasters, Senior Client Support Specialist and Apex's site manager at the Dell facility, about the inappropriate conduct, behavior, and remarks of the Dell Trainer and members of the class, and about the lack of training. Plaintiff informed Plasters that the harassment and hostile work environment imposed by the Trainer and other class members had interfered with her job training, and she requested additional training. This request was denied.

20.     On Monday, September 10, Plaintiff was placed on her job after

completing Dell's classroom training. On Wednesday, September 12, Jackie Plasters told Plaintiff to come to her office. At that time, a representative from Dell's Human Resources Department asked Plaintiff questions about her complaints of a sexually hostile work environment and lack of training. Plaintiff told the Dell HR representative that Dell could look on the Trainer's computer to verify what she told them. Dell's HR representative told Plaintiff that she was as guilty as the Dell Trainer because she did not report the problem sooner.

21.     After the meeting with Dell personnel from its Human Resources Department, Plaintiff went back to her desk. At that time, she overheard discussions by the Dell mentors that were to be training her and the other new personnel. These discussions concerned the Dell Trainer and his class. During her time at the help desk, Plaintiff had her phone unplugged, her work over-scrutinized, and was denied explanation and assistance on her assigned tasks so she would be able to understand and do her job. One mentor advised her not to let them make her quit.

22.     Defendant Apex claims that on September 12, 2012, Plasters received an e-mail from the manager of Dell's cafeteria allegedly stating that Plaintiff was attempting to bully cafeteria workers into giving her free food and drinks, and that Plaintiff told cafeteria workers that she wanted to punch one of the cafeteria employees in the throat. According to Apex's written response to Plaintiff's EEOC charge, once Dell became aware of this alleged incident, Bailey told Plasters to terminate Plaintiff. Later that same day, Plaintiff sent a text message to Plasters that she was resigning. Plaintiff asserts that

she was either discharged or constructively discharged by Defendants.

23.     The reason given by Defendants as to why Plaintiff would be terminated, that is, "due to unprofessional behavior", is pretextual. Plaintiff did not attempt to get free food or threaten any cafeteria workers. Her termination was due to her gender and/or complaints of a sexually hostile work environment.

24.     All adverse actions described herein, and taken by Defendants against Plaintiff, including without limitation, her discharge, were done intentionally, willfully, or in reckless disregard for the legal rights of Plaintiff. Each Defendant has a written policy stating it will not discriminate against its employees based upon, among other things, their gender or in retaliation for their complaining of sexual harassment or a sexually hostile work environment. Nonetheless, Defendants knowingly and maliciously took discriminatory and retaliatory actions against Plaintiff.

25.     Plaintiff's damages and losses, and the amount in controversy, exceeds $75,000, exclusive of interest and costs. At the time of her discharge, Plaintiff was paid at the rate of $13.00 per hour. As a result of Defendant's wrongful actions, Plaintiff has suffered a loss of  employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

## VI.  FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE VII

26.     Plaintiff incorporates hereunder by reference paragraphs 1-25, as set forth above.

27.     Plaintiff is protected under Title VII from employment discrimination based upon her sex and/or retaliation.

28.     Defendants discriminated against Plaintiff because of her sex and retaliated against her because she opposed discrimination against her because of her sex by taking the adverse actions described above in ¶¶ 17-22, including, without limitation, terminating her from employment. As a result of Defendants' adverse actions, Plaintiff suffered the losses and damages described in ¶ 25, above.

29.     Defendants' actions in violating Title VII were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

30.     Plaintiff is entitled to all remedies and relief provided for a violation of Title VII, including without limitation, an award of punitive damages. Each Defendant is jointly and severally liable to Plaintiff for the harm, damages, and losses caused to Plaintiff by their violation of Title VII.

## VII.  SECOND CAUSE OF ACTION AGAINST DELL:
## TORT OF INTENTIONAL INTERFERENCE WITH EMPLOYMENT

31.     Plaintiff incorporates hereunder by reference paragraphs 1-30, as set forth above.

32.     Plaintiff hereby asserts a cause of action against Dell for the common law

tort of intentional interference with Plaintiff's employment with Apex.

33.    According to Apex, Dell Senior Manager, John Bailey, directed Apex to terminate Plaintiff's employment. This action by Dell was taken as a result of Plaintiff's complaints of sexual harassment and a sexually hostile work environment imposed by Dell while she was working at its facility.

34.    The statements made and actions taken by Dell in interfering with Plaintiff's employment were done intentionally, willfully, maliciously, in bad faith, and without legal justification.

35.    As a result of the actions by Dell, Plaintiff sustained losses as set forth in ¶ 25, above, and Dell is liable for such losses caused by its interference with Plaintiff's employment, including, but not limited to, all compensatory and punitive damages.

## VIII.  JURY TRIAL REQUESTED

36.    Plaintiff is entitled to a jury trial for all of her claims, and hereby requests a jury trial.

## IX.  PRAYER FOR RELIEF

37.    Plaintiff prays for judgment as follows:

A.    Payment of back wages, benefits, and compensation;

B.    Reinstatement to her former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

C.    All other compensatory damages, including, but not limited to, those

for humiliation, embarrassment, loss of dignity, loss of enjoyment of

life, worry, stress, and anxiety;

D.     Punitive or exemplary damages;

E.     Pre-judgment and post-judgment interest;

F.     Declaratory and injunctive relief as appropriate; and,

G.     Attorney's fees, costs and such other and further relief as the Court

deems reasonable and proper.

s/ Raymond C. Durbin
OBA No. 2554
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone:        (405) 521-0577
Fax:          (405) 525-0528
Email:        durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**