#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LISA FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-13-0683-HE |
| | ) | |
| APEX SYSTEMS, INC., | ) | |
| DELL MARKETING USA LP, and | ) | |
| ARAMARK CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Lisa Ferguson brought this action against defendants Apex Systems, Inc., Dell Marketing USA LP  ("Apex" and "Dell" hereafter, respectively), asserting claims for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. She also asserts claims of intentional interference with employment and defamation against Dell and Aramark Corporation.  Dell has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  The motion is at issue.[1]

Dell seeks dismissal of the Title VII claims on the basis that plaintiff did not exhaust her administrative remedies as to those claims and that the court therefore lacks subject matter jurisdiction over them.  Dell contends it was not named in the formal Charge of Discrimination (the "Charge"), and that this failure renders the claims against it unexhausted.

---

[1]*The motion was filed prior to the filing of plaintiff's amended complaint [Doc. #34]. However, the amended complaint does not differ from her original complaint [Doc. #1] as to the Title VII claims against Dell.*

Plaintiff responds that Dell does not need to be named in the Charge because Apex was named, and Apex and Dell were her joint employers. She also argues that she named Dell in the intake questionnaire she submitted to the Equal Employment Opportunity Commission ("EEOC" hereafter).[2]

"A plaintiff must generally exhaust his or her administrative remedies prior to pursuing a Title VII claim in federal court." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999) (citing Khader v. Aspin, 1 F.3d 968, 970 (10th Cir.1993)). "Thus, a plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." Id. "[P]laintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit." Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005). Accordingly, failure to exhaust available remedies is properly raised in a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. Id.

Where the movant challenges the factual basis for subject matter jurisdiction, as Dell has done here, material outside the complaint may be considered without converting the motion into a motion for summary judgment. Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003). "[I]t is appropriate, particularly in the exhaustion context, for a district court to consider evidence beyond the pleadings in resolving a challenge to

---

[2]*Plaintiff's submissions indicate she filled out the intake questionnaire and that the EEOC staff prepared and returned the Charge to her, which she then signed.*

subject-matter jurisdiction." Jenkins v. Educ. Credit Mgmt. Corp., 212 F. App'x 729, 733 (10th Cir. 2007).

It is undisputed that the Charge signed by plaintiff and submitted to the EEOC did not include Dell as a named party. However, it is also undisputed that the intake questionnaire submitted by plaintiff (upon which the EEOC presumably relied in generating the formal charge it returned to plaintiff for execution) did name Dell as her employer.[3] So the question is whether this additional circumstance is sufficient to satisfy plaintiff's obligation to exhaust.

In addressing a similar question in a case under the ADEA, the Supreme Court considered whether the contents of the intake questionnaire can be considered part of the formal charge and concluded that, in a proper case, it can. "In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008). The Court evaluated the completed questionnaire and other materials and concluded that the claimant's submissions, cumulatively, could be viewed as part of the EEOC charge. *Id.*

Here, while the circumstances are not entirely identical,[4] they are similar. The plaintiff submitted the questionnaire and a twenty-three page attachment. It identified "Dell/Apex"

---

[3]*The intake questionnaire identified plaintiff's employer as "Dell/Apex" and included multiple references to various Dell personnel.*

[4]*Holowecki involved an issue of the timeliness of the filed "charge" rather than a question of exhaustion. Also, Holowecki did not involve a form prepared by the EEOC.*

as her employer. [Doc. #27-1, pg. 1]. It lists Josh Godsby, a Dell employee, as a person who allegedly discriminated against her. *Id.* at 2. It states plaintiff was told by a Dell HR Director that she was "just as guilty for not reporting sooner." *Id.* Her attachment includes numerous examples of alleged discriminatory and retaliatory acts by Dell employees. Finally, she includes a request to take action. She checked the box on the questionnaire stating that she wanted to file a charge of discrimination, and began her attachment by stating that she "would like to file a Hostile environment/sexual harassment [sic] complaint." *Id.* at 4, 5. The documents can reasonably be construed as a request for the agency to take action against Dell and are hence in the nature of a charging document.[5]

Dell argues that by signing the Charge that did not include Dell as a named party, plaintiff made a "knowing and willful action in filing her charge against Apex only." [Doc. #28, pg. 6]. That might be true, but seems unlikely. There is nothing in the parties' submissions to indicate that the EEOC called plaintiff's attention to any change from her initial submission or that she needed to make, or was making, an election by signing the form. The more likely inference is as plaintiff suggests—that she signed the document which the EEOC prepared for her, based on her initial submissions, assuming that it stated in formal fashion whatever was necessary to invoke the process. The Title VII remedial scheme was designed to be accessible to laypersons "with no detailed knowledge of the relevant statutory

---

[5]*The fact that plaintiff may have left off certain information required on the form when alleging discrimination against multiple employers is not dispositive. See [Doc. #27-2, pg. 1] ("If more than one employer is involved, attach additional sheets."). In <u>Holowecki</u>, the Court indicated a Charge may be sufficient even if it leaves off some information required by the regulations, such as addresses or telephone numbers of charged parties. Id. at 396; 29 CFR § 1626.8(a)-(b).*

mechanisms and agency processess." Holowecki, 552 U.S. at 402-3.  As in Holowecki, the court concludes that a layperson such as plaintiff should not be penalized based on what seems most plausibly viewed as a mistake by the EEOC in helping with the preparation of the formal charge.  Taking into account the nature of the intake questionnaire involved here and the surrounding circumstances, the court concludes plaintiff has done enough to satisfy the exhaustion requirement.

Defendant's motion to dismiss for lack of subject matter jurisdiction [Doc. #11] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE